UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JONATHAN S. BERGERON,

        Petitioner,

v.                                      Case No: 5:21-cv-361-BJD-PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____

## ORDER

    Bergeron petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. In the petition, Bergeron alleges that he did not receive due process during prison disciplinary proceedings in two ways: (1) he did not receive notice of the charge against him; and (2) the evidence against him was fabricated or insufficient. *Id.* at 6. Respondent contends that Bergeron received all required due process during the disciplinary proceedings. Doc. 4 at 8–11. This matter was referred to the Honorable Philip Lammens, United States Magistrate Judge, to hold an evidentiary hearing on these issues. Doc. 23. Judge Lammens's report and recommendation is now pending before this Court. Doc. 28. Judge Lammens concludes that Bergeron received all required due process, and therefore, recommends that the petition be denied. *Id.* Bergeron

objects to Judge Lammens's report and recommendation. Doc. 29 to which the Warden responded (Doc. 30).

A court may accept, reject, or modify a magistrate judge's report and recommendation after an independent review of the record. 28 U.S.C. § 636(b)(1). When a party objects to a finding of fact in a report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 682 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512–13 (11th Cir. 1990). After conducting an independent examination of the file, the Court agrees with the well-reasoned report and recommendation and finds Bergeron's objections unpersuasive.

"Bergeron believes additional information regarding the testimony of the witnesses at the evidentiary hearing is necessary." Doc. 29 at 1. However, Bergeron had the opportunity to support his claims with evidence, witnesses, and his own testimony at the evidentiary hearing and chose not to. Bergeron has the burden to prove his claims, but he does not meet that burden. *See United States ex rel. Goldsby v. Harpole*, 249 F.2d 417, 421 (5th Cir. 1957) (citations omitted).

Regarding Ground One,[1] Bergeron asserts that his cell mate Todd

---

[1] In Ground One, Bergeron contends that he did not receive advanced written notice of the charge against him in the disciplinary proceedings. Doc. 1 at 6. The Respondent asserts that Bergeron was served the incident report at least 24 hours before the disciplinary proceedings.

2

Stephens's sworn statement should be given more weight than the testimony of the witnesses who appeared at the evidentiary hearing.[2] Doc. 29 at 3–4. In the sworn statement, Stephens claims that he "can affirm and attest to the fact that" Bergeron "was not served a written incident report" "on [August 20, 2020,] at or around 8:22[a.m.]" Doc. 1 at 26. Stephens claims to know that Bergeron did not receive the incident report because he was present at Bergeron's Uniform Disciplinary Committee ("UDC") hearing where Stephens allegedly heard Bergeron tell an official that he was not served. *Id.* Bergeron claims that Stevens attested to the fact that he was present when Lieutenant Marvin McCord allegedly served the incident report, but Stevens does not explicitly say he was present in his statement.

At the evidentiary hearing, Respondent called multiple Federal Bureau of Prisons ("BOP") officials as witnesses. Lieutenant Marvin McCord serves incident reports in the regular course of his duties and remembered serving

---

Doc. 4 at 3. In prison disciplinary proceedings, inmates are entitled to written notice of the charge against them at least 24 hours before a hearing to enable the inmate to prepare a defense. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The written incident report in this case satisfies the Due Process Clause's advanced written notice requirement because it contains the charge against Bergeron, the date of the alleged offense, and the facts necessary for him to defend himself against the charge. *See Warnock v. Warden, FCI Ray Brook*, No. 22-10771, 2023 WL 3620868, at *2 (11th Cir. May 24, 2023) (citing *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112, 1113 n.5 (11th Cir. 2016) ("Applying *Wolff*, we've held that the Due Process Clause entitles inmates to notice not only of the disciplinary charges themselves and the dates of the alleged offenses, but also to notice of the facts necessary to defend against the charges."). At issue is whether Bergeron received the incident report, not whether the report satisfies the due process requirement.
[2] Bergeron submitted Stephens's sworn statement with his petition. Doc. 1 at 26.

3

Bergeron on the morning of August 20, 2020, in the way he normally serves incident reports. McCord's testimony is supported by the time and date stamped incident report. Doc. 4-1 at 7. In addition, Patricia Wade and Aaron Rich testified consistently that they would have provided Bergeron with the incident report if he told them he did not receive it.[3] Rich further testified that he would have postponed Bergeron's disciplinary proceedings in accordance with the BOP's policy that requires an inmate to have 24-hour notice before a hearing. Both Wade and Rich testified consistently with their reports which note that Bergeron did not make any statements during the disciplinary proceedings. *Id.* at 8, 20, 22. A sworn statement by a witness who may or may not have firsthand knowledge is not sufficient to overcome the credible and consistent live testimony of three witnesses.

Bergeron also takes issue with the fact that Respondent never provided him with surveillance video footage that could demonstrate that McCord did not serve him the incident report.[4] Doc. 29 at 3–4. The fact that the Respondent

---

[3] Wade is the official who conducted the UDC hearing, and Rich is the official who conducted the Disciplinary Hearing Officer ("DHO") hearing at which Bergeron was found guilty of the charge.

[4] On August 20, 2020, Bergeron was served with the incident report. Doc. 4-1 at 7. On September 18, 2020, Bergeron submitted a Freedom of Information Act ("FOIA") request for the surveillance video footage of his cell on the date and time he was served. Doc. 1 at 27. The FOIA office received the request on September 28, 2020, over 30 days after August 20, 2020. *Id.* The Federal Bureau of Prisons automatically deletes all surveillance video footage after 30 days. Doc. 8-1 at 4. As Respondent's counsel noted during the evidentiary hearing, the surveillance video footage was already automatically deleted when the FOIA office received Bergeron's request.

does not have surveillance video footage of McCord serving Bergeron does not prove that McCord never served Bergeron. After conducting an independent examination of the file, the Court agrees with Judge Lammens's finding that McCord served Bergeron with the incident report on August 20, 2020, at least 24 hours before the disciplinary proceedings. The incident report satisfies the Due Process Clause's advanced written notice requirement and Bergeron is therefore not entitled to relief on Ground One.

Regarding Ground Two,[5] Bergeron takes issue with the fact that Respondent did not provide him or this Court with witness statements that Rich relied on when he found Bergeron guilty. *Id.* at 5. Bergeron claims he is entitled to "test [the] credibility" of the witnesses against him. *Id.* This Court's review is limited and does not require "an examination of the entire record, [an] independent assessment of the credibility of witnesses, or [a] weighing of the evidence." *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 455–56 (1985); *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). Thus, Respondent was not required to provide the witnesses' statements or identities for this Court to make a credibility determination. Even without consideration of the witnesses' statements, Rich's finding was supported by some evidence—

---

[5] In Ground Two, Bergeron contends that the guilty finding was based on falsified evidence or alternatively that the evidence was insufficient. Doc. 1 at 6. In his petition, Bergeron specifically took issue with a medical report that Rich relied on during the DHO Hearing, but in his objections to the report and recommendation, Bergeron only takes issue with the witness statements that Rich relied on.

photographs and medical assessments—which is all that due process requires. *See Hill*, 472 U.S. at 455–56. Therefore, Bergeron is not entitled to relief on Ground Two.

Accordingly, it is

**ORDERED**:

1. The report and recommendation (Doc. 28) is adopted, confirmed, and approved in all respects and made a part of this order.

2. The petition (Doc. 1) is **DENIED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. If Bergeron appeals the denial of his petition, **the Court denies a certificate of appealability**.[6] The **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Alternatively, a petitioner must show that "the issues presented were 'adequate to deserve encouragement to proceed further[.]'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on December 9, 2024.

_____
BRIAN J. DAVIS
United States District Judge

c:  Counsel of Record
   Jonathan S. Bergeron, # 60983-018